IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01191-BNB

WESLEY R. "WOLF" BROWN, also known as
WOLF, also known as
WESLEY R. BROWN, also known as
WESLEY BROWN,

    Plaintiff,

v.

T. MARSHAL SEUFERT, Deputy Public Defender,
A. BRUCE JONES, State Dist. Court Judge, and
SHANNON M. O'CONNOR, Dep. District Attorney,

    Defendants.

---

## ORDER DISMISSING CASE

---

Plaintiff, Wesley R. "Wolf" Brown, also known as Wolf among other aliases listed in the caption to this order, alleges he is homeless. Mr. Brown filed *pro se* a Complaint titled "Complaint and Notice of Removal of Criminal Prosecution From State Court 28 U.S.C. § 1455" (ECF No. 1) pursuant to 28 U.S.C. §§ 1331 and 1455 and 42 U.S.C. § 1983, and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). As relief, he asked this Court to issue an order requiring the State of Colorado to pay for discovery in his state criminal case.

On May 13, 2013, Magistrate Judge Boyd N. Boland granted the § 1915 motion and ordered Mr. Brown to file within thirty days an amended Complaint on the proper, Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* ECF No. 4. The May 13 order warned Mr.

Brown that if he failed within the time allowed to file an amended Complaint as directed, the action would be dismissed without further notice. On June 12, 2013, Magistrate Judge Boland granted Mr. Brown's request for a thirty-day extension of time to file the amended Complaint. On July 12, 2013, instead of filing an amended Complaint as directed, Mr. Brown filed a motion titled "Motion for Dismissal of Action by Court Order F.R.Civ.P. Rule 41. (a)(2)" (ECF No. 8) notifying the Court that he wished to withdraw the instant lawsuit.

The Court must construe the July 12 motion liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Brown "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any Defendants in this action. Therefore, the Court will construe Mr. Brown's July 12 motion as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A). A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the motion titled "Motion for Dismissal of Action by Court Order F.R.Civ.P. Rule 41. (a)(2)" (ECF No. 8) that Plaintiff, Wesley R. "Wolf" Brown, filed on July 12, 2013, is construed as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the instant action is dismissed without prejudice pursuant to Plaintiff's notice of voluntary dismissal. It is

FURTHER ORDERED that the voluntary dismissal is effective as of July 12, 2013, the date the notice of voluntary dismissal was filed in this action. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this   16th   day of     July         , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court